**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

JEROMY DAVID BRAY,

      Plaintiff,

v.                                                    Case No. CIV 20-324-JFH-SPS

MIKE SINNETT, et al.,

      Defendants.

<u>**OPINION AND ORDER**</u>

Plaintiff is a pro se state prisoner who is incarcerated at the Pontotoc County Justice Center ("PCJC") in Ada, Oklahoma.  He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations occurring at the facility [Dkt. No. 1].  The defendants are Mike Sinnett, Former PCJC Administrator; John Christian, Pontotoc County Sheriff; Larry Balcerak, Indigent Defense Attorney, Brian LNU, Jailer; and the Pontotoc County Sheriff's Department.

Plaintiff alleges that on July 19, 2020, the H-Pod population was moved to the recreation yard.  He alone, however, was moved to the recreation yard and was made to sit in the mop closet adjacent to the control tower.  Defendant Mike Sinnett then allegedly forced him to drop his pants and boxer shorts to his ankles, revealing his genitals.  When Plaintiff then pulled up his pants, Sinnett made him pull out the band of his pants and boxers so Sinnett could see Plaintiff's genitals.  Sinnett then allegedly stuck his hand down the inside of Plaintiff's pants and boxers, rubbing Plaintiff's penis and testicles in the process. [Dkt. No. 1 at 9].

Plaintiff claims this incident was witnessed by Defendant Officer Brian LNU, and it was meant as an act of sexual assault and to demean him for his litigation activities after Defendant

Attorney Larry Balcerak brought Plaintiff's litigation history to Sinnett's attention. Plaintiff requests relief in the forms of monetary damages and the arrests and criminal prosecution of Defendants Sinnett and Balcerak. *Id.* at 7, 10.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id.* A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

After review of the complaint, the Court finds Plaintiff must file an amended civil rights complaint on the Court's form, as set forth below.

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint **on this Court's form**. Plaintiff may use additional pages, if necessary, but he may not substitute a written narrative for completing the Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983, with each defendant listed in both the caption and the body of the document. Further, the names in the caption of the amended complaint must be identical to those contained in the body of the amended complaint. *See* Fed. R.

Civ. P. 10(a).

Plaintiff has named the Pontotoc County Sheriff's Department as one of the defendants in this case. The Sheriff's Department, however, is not a "person" under section 1983.  "Courts routinely dismiss § 1983 claims that name and seek to impose liability directly upon municipal and county police departments because police departments are not separate suable entities." *Harper v. City of Cortez*, No. 14-2984-KLM, 2015 WL 4720311, at *5 (D. Colo. Aug. 10, 2015) (citing cases) (unpublished).  *See also Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985), *vacated on other grounds by Tyus v. Martinez*, 475 U.S. 1138 (1986) ("The 'City of Denver Police Department' is not a separate suable entity").   Therefore, the Pontotoc County Sheriff's Department is DISMISSED from this action pursuant to 28 U.S.C. § 1915A(b).  Further, The Pontotoc County Sheriff's Department may not be named as a defendant in the amended complaint.

As for Plaintiff's request for the arrest and prosecution of Defendants Sinnett and Balcerak, these remedies are not available.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (citation omitted); *Dohaish v. Tooley*, 670 F.2d 934, 937 (10th Cir.1982) (same).  *See also Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001) (unpublished) (holding that an individual "does not have a "federal due process right to a police investigation") (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989)); *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 433 (S.D.N.Y. 2012) ("[A]n individual has no constitutionally protected right to an investigation by government officials of alleged wrongdoing by other government officials.") (citations omitted). Accordingly, Plaintiff may not seek this form of relief in his amended complaint.

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id.* He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The amended complaint must include all claims and supporting material to be considered by the Court, *See* Local Civil Rule 9.2(c), however, it may not include defendants or claims that are dismissed by this Opinion and Order. It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits. *Id.* An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used. In addition, the margins on additional sheets of paper shall be a minimum

5

of one (1) inch on the top, bottom, and sides, and Plaintiff shall write on only one side of the page of any submitted documents.  *See* Local Civil Rule 5.2(a).  The Court Clerk is directed to send Plaintiff a form for filing an amended complaint, and Plaintiff is granted twenty-one (21) days to file his amended complaint.

**THEREFORE,**

1.      The Pontotoc County Sheriff's Department is DISMISSED from this action.

2.      Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order.

3.      The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court.

4.      Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 9th day of October 2020.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE